## EBENEZER FRYE *vs.* LEWIS HINKLEY.

Where a misnomer of the defendant is pleaded, and the plaintiff replies, that the defendant is as well known by the one name as the other, the jury may well find the issue for the plaintiff, if they are satisfied that the defendant was as truly known and called by the name given in the writ as by that given in the plea; although the number of persons who knew and called him by the latter name might be greater, than that of those who knew and called him by the former.

Where a misnomer is pleaded, and an issue of fact is joined and tried, the judgment is to be peremptory; and therefore if the issue be found for the plaintiff, the jury should assess the damages.

Where in such case, the District Judge erroneously instructed the jury, that they had nothing to do with the question of damages; and the counsel for the defendant, at the trial, also contended for this; it does not furnish ground of exception on his part.

The omission of the jury to assess damages, on the trial of an issue on a plea of misnomer, does not require that the verdict should be set aside. The damages may either be assessed by the Court, as upon default or where a plea is adjudged bad upon demurrer, or that question may be put to another jury.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

This was an action of assumpsit, in which the defendant was sued by the name of *Lewis Hinkley*. At the term at which the action was entered, the defendant filed a plea in abatement, that

his name was *Benjamin Lewis Hinkley.* The plaintiff replied, that the defendant was as well known by the name of *Lewis Hinkley,* as by the name of *Benjamin Lewis Hinkley,* and tendered an issue to the country thereon, which was joined.

The matter in issue therefore was, whether the defendant was called and known as well by the name of *Lewis Hinkley* as by that of *Benjamin Lewis Hinkley.* Upon this point, a large number of witnesses were introduced by each party. After the testimony and arguments had been closed, the Judge remarked to the jury, that the time of the court and jury had apparently been occupied in a matter of very trifling importance, the ascertainment of the name of one of the *Hallowell* coasters ; that this inquiry seemed to be entirely unnecessary, because the defendant, even though sued by a wrong name, might have pleaded to the action, and thereupon had the merits of the action tried ; and that on the other hand, the plaintiff as soon as the error was pointed out by the plea in abatement, might have had leave to amend by inserting the true name in the writ ; but that however trifling the issue might seem to be, it was one which the parties had a right to present, — and that it was the duty of the jury to give to the subject the same careful and deliberate consideration, as if the matter in issue were one of more intrinsic importance. To this remark of the Judge the defendant excepted.

The jury were instructed, that if in the community where the defendant was known, he was as truly and really known and called by the name of *Lewis Hinkley* as by the name of *Benjamin Lewis Hinkley,* by persons supposing the former to be not a nickname, or a name drawn from his occupation, but his true and genuine name, they would find for the plaintiff ; although the number of persons who knew and called him by the name of *Benjamin Lewis Hinkley,* might be greater than the number of those who called and knew him by the name of *Lewis Hinkley.*

The plaintiff's counsel had remarked to the Court that if the verdict on this issue should be for the plaintiff, he should expect a peremptory judgment against the defendant for damages. The defendant's counsel controverted this position, but in his argument to the jury, urged, that the plaintiff's pretension in this respect should lead them to be cautious in finding a verdict for the plaintiff. The

Judge remarked to the jury, that he did not feel called upon in this stage of the case to instruct them what the effect of the verdict would be; that it was a question on which he had as yet formed no opinion; that the jury in trying this issue, had nothing to do with the question of damages; but had merely to say whether the defendant was called and known as well by the name of *Lewis Hinkley*, as by that of *Benjamin Lewis Hinkley*. The verdict was for the plaintiff, finding that the defendant was known as well by the name of *Lewis Hinkley*, as *Benjamin Lewis Hinkley*.

No evidence was introduced or offered in relation to the amount of damages.

Subsequent to the rendition of the verdict and after the juries were dismissed, the plaintiff moved for judgment in chief against the defendant. The defendant moved that the pleadings might be set aside as a nullity, which was overruled. He then moved that judgment of *respondeas ouster* should be awarded. The Judge ruled, that the plaintiff was entitled to judgment in chief, to be assessed by a jury to be hereafter empannelled. To all which the defendant excepted.

*Wells*, for the defendant, contended : —

1. The remarks of the Judge had a very improper influence on the minds of the jury in leading them to believe that the issue was of very little consequence to the defendant.

2. The instruction was erroneous, because the jury under it would be authorized to find for the plaintiff, if he was really and truly known by the name of *Lewis Hinkley* by a small number of persons, when he was known to the community generally by the other.

3. The Judge should have told the jury, that the verdict would have some effect, if such was the law; and not leave them to believe it unimportant, and then decide that the judgment should not be *respondeas ouster*.

4. A man cannot have two christian names. *Franklin* v. *Talmadge*, 5 *Johns. R.* 8; *Jackson* v. *Stanley*, 10 *Johns. R.* 133; *Jackson* v. *Hart*, 12 *Johns. R.* 77; 1 *Willes*, 554; 1 *Campb.* 480, *note;* 1 *Ld. Raym.* 562; *Co. Lit.* 3 *(a)*; 3 *Bac. Abr.*

*Title Misnomer; Commonwealth* v. *Hall,* 3 *Pick.* 262; *Commonwealth* v. *Perkins,* 1 *Pick.* 388.

5. A man should not be punished for pleading what he knows and believes he can prove is his name. The ancient rule was founded on the ground of punishment for pleading a false plea. There should be correct names in all judicial proceedings, and the only punishment under our statutes is the payment of costs. The judgment should have been to answer over.

6. But in this case no damages have been found, and the judgment is a mere nullity, as much as in any other case where the verdict is final. We have here neither law nor practice to justify the finding for a party by one jury, and the assessment of damages by another. The assessment of damages is a part of the verdict. *Howe's Prac.* 262; 3 *Caines,* 80; *Bac. Abr. Title Verdict, M; Co. Lit.* 227 (*b*). If the plaintiff denied the fact, he should by the ancient rule, have prayed judgment for damages. 1 *Ld. Raym.* 594; *ib.* 338.

*Vose* for the plaintiff, contended that the defendant had no cause to complain of the remarks of the Judge in relation to the trial of this issue, for both parties were treated alike.

Nor is there any cause of complaint as it regards the instruction of the judge upon the number of persons knowing the defendant by one name or the other. It was precisely upon the issue joined. If a wrong one was tendered, the defendant should have demurred.

No case has been cited against the ruling of the Judge, that the judgment was peremptory, and not *respondeas ouster.* The law is perfectly well settled as the Judge decided.

One jury may settle the damages, as well as another. The case *Eichorn* v. *Le'maitre,* 2 *Wilson,* 367, is directly in point, and is very much like the present.

The opinion of the Court was by

WESTON C. J. — On the question of misnomer, we perceive no error in the instructions of the Judge. Where an issue of fact is joined and tried, the authorities very clearly establish the doctrine, that the judgment is to be peremptory. The jury therefore should have assessed the damages. *Eichorn* v. *Le'maitre,* 2 *Wilson,* 367. The judge should not have instructed them, that they had

nothing to do with the question of damages; but as the counsel for the defendant also contended for this, it does not furnish ground of exception on his part. This omission does not, in our judgment, require that the verdict should be set aside. The damages may either be assessed by the court, as upon default, or where a plea is adjudged bad upon demurrer, or that question may be put to another jury. The reason why a new trial was granted, and a writ of inquiry refused, in the case cited from *Wilson,* where a similar omission occurred, was that otherwise the defendant would be deprived of his remedy by attaint, if the damages were outrageous. As this is a process not known to our law, there is no reason for sending the question of misnomer, to another jury.

*Exceptions overruled.*